United States District Court
Southern District of Texas
**ENTERED**
May 29, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ANTHONY RENNIE HOFFMAN RIVERO, Petitioner, | § | CIVIL ACTION NUMBER 4:26-cv-03810 |
| versus | § | JUDGE CHARLES ESKRIDGE |
| RAYMOND THOMPSON, Respondent. | § | |

## OPINION AND ORDER ON DISMISSAL

Petitioner Anthony Rennie Hoffman Rivero filed a petition for writ of *habeas corpus* under 28 USC §2241 on May 11, 2026. Dkt 1. He proceeds here *pro se*. He acknowledges illegal entry into the United States on a prior date but nonetheless asserts that his present detention under 8 USC §1225(b) is unlawful as a violation of his due process rights under the Fifth Amendment. Id at 6–9.

A prior order noted the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494, 502–08 (5th Cir 2026), which held that 8 USC §1225(b)(2)(A) subjects anyone present in the United States without legal admission to mandatory detention as an "applicant for admission" deemed to be "seeking admission." See Dkt 9 at 1–2. That order also conveyed a number of previous decisions by the undersigned resolving several closely related issues. Id at 2–6.

Initial screening of the petition determined that the arguments presented raised only issues resolved in those decisions. But Petitioner was granted an opportunity to specify individual circumstances or additional arguments supporting a different result. Id at 6.

Petitioner responded. Dkt 10. He recognizes the decision in *Buenrostro-Mendez*, but he nevertheless contends it doesn't apply to him because (i) he was paroled after his initial entry to the United States, (ii) he was found to have a credible fear of persecution in his home country, (iii) his adjustment of status proceedings are pending, (iv) his prior expedited removal proceedings were terminated by the Government, and (v) he has complied with all prior immigration requirements and authorities. See id at 1–4.

*As to any statutory claim,* Petitioner expresses his disagreement with the Fifth Circuit's determination in *Buenrostro-Mendez* that individuals like himself, present in the United States without legal admission, are subject to detention under §1225(b)(2)(A). But the undersigned previously reached the same conclusion based on the plain language of the statute. See *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex); *Herrera Naranjo v Uhls*, 2025 WL 3771447 (SD Tex). And even if inclined to reconsider, the undersigned couldn't grant Petitioner relief contrary to *Buenrostro-Mendez* because a district court "is bound by a circuit decision unless or until it is overturned by an *en banc* decision of the circuit court or a decision of the Supreme Court." *La Unión del Pueblo Entero v Abbott*, 614 F Supp 3d 509, 525 (WD Tex 2022), quoting *Perez v Abbott*, 250 F Supp 3d 123, 139 (WD Tex 2017). Petitioner's disagreement with prior decisions and binding Fifth Circuit precedent isn't a basis for *habeas corpus* relief.

*As to the claim based on prior parole,* Petitioner attaches a document showing that he was released from detention on March 22, 2024, pending a final administrative determination in his expedited removal proceedings. Dkt 1-1 at 2. His release was converted to parole on April 2, 2024. Id at 11. His parole status was valid for one year. Ibid. No evidence shows that his parole was ever renewed or that it was in effect when he was detained in January 2026. Any immigration protections stemming from that now-expired status don't entitle him to *habeas corpus* relief at this juncture.

*As to the due process claim,* Petitioner essentially seeks to bind the current Administration to decisions made previously regarding the enforcement of a statute clearly applicable to him. The Fifth Circuit notes that courts are "exceedingly reluctant to grant equitable estoppel against the government." *Robertson-Dewar v Holder*, 646 F3d 226, 229 (5th Cir 2011). As the Supreme Court observes, "When the Government is unable to enforce the law because the conduct of its agents has given rise to an estoppel, the interest of the citizenry as a whole in obedience to the rule of law is undermined." *Heckler v Community Health Services of Crawford County, Inc*, 467 US 51, 60 (1984). "In addition, the government should not be unduly hindered from changing its position if that shift is the result of a change in public policy." *United States v Owens*, 54 F3d 271, 275 (6th Cir 1995).

Such concerns are certainly present here. The Supreme Court has recognized that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Maceda Jimenez v Thompson*, 2025 WL 3265493, *1 (SD Tex), quoting *Demore v Kim*, 538 US 510, 526 (2003). The decision of prior Administrations to decline to enforce §1225(b)(2)(A) against individuals like Petitioner neither changes the plain statutory text nor otherwise abrogates the Government's authority to lawfully detain him pending his removal. As recently explained by Judge Fernando Rodriguez:

> Petitioner enjoyed liberty within the United States for some years when past administrations exercised their discretion to forgo applying [§]1225 to him. But no statutory or regulatory provision, and no Constitutional principle, requires Respondents to follow specific procedural steps before exercising their authority to the fullest under [§]1225.

*Makhmudov v Lyons*, 2026 WL 879392, *1 (SD Tex).

Due process arguments similar to those raised by Petitioner were also rejected by the undersigned in *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex), which held that (i) procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A), and (ii) pre-removal-order detention without a bond hearing pending removal proceedings doesn't violate substantive due process where not exceeding the presumptively reasonable six-month period enunciated in *Zadvydas v Davis*, 533 US 678, 701 (2001), as to post-removal-order detention. The undersigned later found that pre-removal-order detention authorized by 8 USC §1225(b)(2)(A) doesn't violate due process even when it exceeds the six-month presumptively constitutional period set out in *Zadvydas*. See *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, April 27, 2026). Finally, the petition and its attachments make clear that Petitioner's removal order is not yet final, so the presumptively constitutional six-month post-final-order detention period provided by *Zadvydas* hasn't yet begun.

Petitioner's contentions concerning his credible fear of persecution, his pending adjustment of status proceedings, the dismissal of prior proceedings, and his compliance with all prior immigration requirements may bear on the question of whether he should ultimately be removed. But they don't bear on the question of whether he may be detained during the pendency of the current removal proceedings. As such, he hasn't shown that his current detention violates his right to due process.

Because Petitioner hasn't established that his detention violates either the Constitution or federal law, he isn't entitled to relief on *habeas corpus* in this action.

* * *

The petition for writ of *habeas corpus* by Petitioner Anthony Rennie Hoffman Rivero is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

All other pending motions are DENIED AS MOOT.

A certificate of appealability is DENIED as unnecessary.

Final judgment will enter separately.

The Clerk will mail this Order to Petitioner and email this Order to USATXS.CivilNotice@usdoj.gov to provide notice of this disposition to Respondents.

SO ORDERED.

Signed on May 29, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge